FREDERICK L. DIBBLE *vs.* THE TOWN OF NEW HAVEN AND OTHERS.

New Haven Co., Dec. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A town having voted to build an almshouse, appointed a committee to procure plans and specifications to be submitted to builders, and directed them to give the contract to the lowest responsible bidders. The committee decided to give the contract to parties who were not the lowest responsible bidders and a tax-payer brought a suit for an injunction against their doing so. Held that the matter was wholly within the control of the town, which could confirm and accept the action of its committee, or deny its responsibility for their acts, the tax-payer being without remedy in the one case and in no danger in the other; and that there was therefore no reason for the interference of the court in the matter.

In making expenditures for lawful purposes the will of a municipality is a law unto itself, and is as little subject to judicial control as that of an individual; and if it appoints an agent to make contracts in its name for a lawful purpose a court has no greater power to restrain the agent than it has to restrain the agent of an individual.

[Argued December 9th, 1887—decided January 27th, 1888.]

SUIT for an injunction ; brought to the Superior Court in New Haven County, and heard before *Andrews, J.* Facts found and a perpetual injunction granted and appeal by the defendants. The case is sufficiently stated in the opinion.

*C. R. Ingersoll*, for the Town of New Haven, appellant.

*S. H. Wagner*, for George M. Grant and others, appellants.

*G. E. Terry* and *J. W. Alling*, for the appellee.

PARDEE, J. At an adjourned session of the annual town meeting of the town of New Haven, held on December 9th, 1886, the town determined to construct a new almshouse, and appointed a committee, composed of seven inhabitants and the selectmen of the town, to procure plans and make contracts for the building.

Among other votes the town meeting voted " that the plans and specifications for the building be submitted to at least five responsible carpenters and five responsible masons of New Haven (and that the unions of the carpenters and masons shall also have the privilege of giving estimates on the above mentioned plans and specifications) to secure figures, before the contract is given out, and it shall be given to the lowest responsible bidders."

The committee advertised for proposals for bids in the five daily newspapers published in New Haven, and several parties in response thereto tendered bids.

The majority of the committee voted to award the contract to persons other than the lowest responsible bidder.

The difference between the lowest bid and the bids of the persons to whom it was voted to give the contract is over $2,700. The plaintiff, an inhabitant and tax-payer of the town of New Haven, obtained a temporary injunction restraining the selectmen of the town and the committee of citizens from entering into any contract for the construction of an almshouse, except with the lowest responsible bidders.

The Superior Court made the injunction permanent. The town, and George M. Grant and others, whose bids were accepted, appeal, the town assigning the following among other reasons of appeal :—

1st. Because upon the facts found the plaintiff shows no title to equitable relief by injunction.

2d. Because the judgment rendered deprived this appellant of its lawful right to determine for itself the lawful contracts it will enter into for the construction of its almshouse.

3d. Because the facts found do not support the judgment rendered.

4th. Because the court erred in overruling the claim of the appellant, upon the facts found, that the powers of the committee were discretionary powers and not controllable by judicial proceedings.

In the expenditure of money in the discharge of a governmental duty a municipality is as an individual managing his private affairs. That is, a majority of the voters therein may determine whether it shall perform its duty as economically as it can, or with as large an outlay as it pleases, and the minority, in the absence of fraud, must submit to the action of the majority, finding its protection against unnecessary expenditure in the law of self-interest, to which all men are presumed to be in a greater or less degree obedient; and in making expenditures for such purposes the will of the municipality is a law unto itself, as is that of an individual to himself, and as little subject to judicial control; and if it appoints an agent to make contracts in its name for such purposes, a court has no greater power to restrain that agent than it has to restrain the agent of an individual.

If, in the case before us, we should assume that the committee proposes to exceed the powers granted to it by the municipality, there would yet be no foundation for the injunction. Every person dealing with it must take notice of the limitations imposed upon it by the appointing vote. If with such knowledge any one undertakes to enter into a contract with it which it is without power to make, he takes

nothing by his action. The municipality is not bound to him ; no tax-payer is in danger of loss, and there is no occasion for judicial intervention.

Again, if the committee should, in excess of its powers, in form enter into a contract with one not the lowest bidder, the municipality may upon knowledge, when lawfully assembled for that purpose, ratify and adopt its acts, against the protest of an individual tax-payer, or against that of a minority.

And if, in strict execution of power, the committee should bind the town by a contract, the town may break it, pay the consequent damages, and make the expenditure in another manner and to a larger amount.

These acts of ratification or of change the minority is powerless to prevent.

It results therefore, that, unless there should be an assumption of obligation on the part of the town in due and legal form, no person has any cause of action against it, and no tax-payer is in danger of loss. After such assumption there will be a legally authorized expenditure, and that no tax-payer can resist.

There is error in the judgment complained of.

In this opinion the other judges concurred.