## ALEXANDER MAITLAND ET ALS.
### *vs.*
## TOWN OF THOMPSON ET ALS.

Superior Court       Windham County       File No. 8040

MEMORANDUM FILED JULY 10, 1941.

*John B. Harvey,* of Willimantic, for the Plaintiffs.

*William Perry Barber,* of Putnam, and *FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendants.

QUINLAN, J. The complaint in this action seeking an injunction against the defendant, a municipal corporation, and some of its officers, prohibiting them from paying a bill for counsel fees incurred in a libel action growing out of the failure to hire a former school superintendent, alleges an appropriation by vote of the town for that purpose, which vote is in accordance with a vote of authorization and approval of the board of education. Although the vote alleged does not coincide in phraseology with the certified copy of the vote offered in evidence, nevertheless, it is conceded by the plaintiff as a matter of pleading that there was an appropriation and the certified copy of the vote makes reference to the particular paragraph of the call providing for action upon an appropriation, and I find there was an appropriation.

The file in the libel action of Meldon E. Smith vs. Harold M. Kenney et als., Docket No. 7426, is before the court. The defendants in that suit were the chairman and other members of the board of education constituting a majority of the board. The memorandum of decision in that case very clearly recites the facts leading up to the publication which was the basis of the libel, and in a word, eventuated in a letter to the commissioner of education assigning reasons for the board's failure to re-hire Mr. Smith, which letter was written under public pressure. If the Town of Thompson could lawfully assume payment of the services rendered in that action then this injunction should not issue.

Section 296c of the 1935 Cumulative Supplement of the General Statutes defines the powers of the Board of Education as follows: "*Powers of boards of education.* Boards of education shall maintain in their several towns good public elementary schools, and may establish and maintain secondary schools, including junior high schools, as defined by the state board of education, continuation schools and schools for educationally exceptional children, at such places and times as in their judgment will best serve the interests of education, and shall give all the children of the town as nearly equal advantages as may be practicable; shall have charge of the schools of their respective towns; shall have the care and management of buildings, lands, apparatus and other property used for school purposes; shall determine the number and qualifications of the pupils to be admitted into each school; shall employ and dismiss the teachers of the schools of such towns

subject to the provisions of sections 242c and 246c; shall designate the schools which shall be attended by the various children within their several towns; shall make such provisions as will enable each child of school age, residing in the town, who is of suitable mental and physical condition, to attend some public day school for the period required by law and provide for the transportation of children wherever transportation is reasonable and desirable; may arrange with the board of education of an adjoining town for the instruction therein of such children as can attend school in such adjoining town more conveniently; shall suspend, or expel from school for the term or for any part thereof, all pupils found guilty on full hearing of incorrigibly bad conduct and shall perform all lawful acts which may be required of them by the town or which may be necessary to carry into effect the powers and duties imposed upon them by law."

Section 260b of the 1931 Supplement to the General Statutes provides as follows: "*Powers of towns.* Each town as a school district shall be a body corporate and shall have the power to sue and be sued, and shall have the power to purchase, receive, hold and convey real and personal property for school purposes; to build, purchase, rent and repair schoolhouses and supply them with fuel, furniture and other appliances and accommodations; to lay taxes and borrow money for the foregoing purposes; to make agreements and regulations for establishing schools and to carry out any other duties imposed upon towns by law."

Section 972 of the General Statutes, Revision of 1930, as amended by section 261b of the 1931 Supplement to the General Statutes, provides as follows: "*Meetings.* The annual town meeting shall be the annual school district meeting and special meetings shall be called and held in the same manner as provided by law for special town meetings."

In the case of *Hotchkiss vs. Plunkett*, 60 Conn. 230, at page 234, our Supreme Court states the elements justifying indemnification for an expenditure by the officers of a municipal corporation as follows:

1. The officer must have been acting in a matter in which the corporation had an interest.

2. He must have been acting in the discharge of a duty imposed or authorized by law.

3. He must have acted in good faith.

See, also, Gregory vs. City of Bridgeport, 41 Conn. 76, 84; Newton vs. Town of Hamden, 79 id. 237.

In the light of the foregoing statutes and the subject matter which the board of education had in hand, I find that the majority members of the board were acting in a matter in which the corporation had an interest, and were in the discharge of a duty imposed or authorized by law, and upon the basis of the memorandum of the court (Ells, J.), acted in good faith. Indeed from that memorandum it is apparent that every measure possible, short of making public the contents of the letter ultimately sent to the commissioner of education, in order to save the plaintiff in the libel case, was pursued by the board members. Having found then the requisite elements justifying indemnification to be present, and having found that there was an appropriation, some of the language of the opinion of Dibble vs. Town of New Haven, 56 Conn. 199, 201, 202, is particularly apt: "In the expenditure of money in the discharge of a governmental duty a municipality is as an individual managing his private affairs....and in making expenditures for such purposes the will of the municipality is a law unto itself, as is that of an individual to himself, and as little subject to judicial control....

"Again, if the committee should, in excess of its powers, in form enter into a contract with one not the lowest bidder, the municipality may upon knowledge, when lawfully assembled for that purpose, ratify and adopt its acts, against the protest of an individual taxpayer, or against that of a minority....

"These acts of ratification or of change the minority is powerless to prevent.

"It results therefore, that, unless there should be an assumption of obligation on the part of the town in due and legal form, no person has any cause of action against it, and no taxpayer is in danger of loss. After such assumption there will be a legally authorized expenditure, and that no taxpayer can resist."

The prayer for an injunction is denied and judgment may be entered for the defendants.