CARL BAKER ET AL. *v.* THOMAS F. KERRIGAN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 2—decided July 5, 1962

*Robert A. Slavitt,* with whom was *Abraham D. Slavitt,* for the appellants (plaintiffs).

*Warren W. Eginton,* with whom were *Edward R. McPherson, Jr.,* and, on the brief, *Samuel V. Schoonmaker III,* for the appellees (defendants).

BALDWIN, C. J.  The plaintiffs are taxpayers of the town of Darien. They own land, residences and appurtenant structures included in, and in the neighborhood of, a site on which the town proposes to erect an elementary school. They seek by this action to restrain the town, the selectmen and the board of finance, who are the defendants, from proceeding with the acquisition of the site. The case was referred to a state referee, who made a report and finding essentially adverse to the claims of the plaintiffs. The report was accepted by the Superior Court, and judgment thereon was rendered for the defendants. The plaintiffs have appealed.

The plaintiffs moved to correct the report in numerous particulars, and the referee denied their motion. Practice Book §§ 171, 172. They then filed in the trial court extensive exceptions to the report and its acceptance. Practice Book §§ 173, 174. The court overruled the exceptions; Practice Book § 176; and thereafter rendered judgment for the defendants on the report. Practice Book § 177; *Northeastern Gas Transmission Co.* v. *Warren,* 144 Conn. 217, 219, 128 A.2d 783. The plaintiffs have assigned the overruling of their many exceptions

as error. We cannot retry the case. *Corriveau* v. *Jenkins Bros.,* 144 Conn. 383, 387, 132 A.2d 67. An attempt completely to change a finding made, as this was, on conflicting evidence is futile. *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 157, 157 A.2d 914, and cases cited. The defendants have properly printed in their appendix evidence supporting the findings. Maltbie, Conn. App. Proc. § 219; *Garofalo* v. *Argraves,* 147 Conn. 685, 688, 166 A.2d 158. The plaintiffs are not entitled to any material corrections.

The issues presented by this appeal can be considered as one basic question, that is, whether the defendants proceeded in accordance with the law in authorizing acquisition of the school site. The essential facts underlying this issue, here summarized from the 218 paragraphs comprising the referee's report, are as follows: By special act of the General Assembly, the legislative power of the town of Darien is vested in the representative town meeting, hereinafter referred to as R.T.M. 26 Spec. Laws 66, § 1 (as amended, 29 Spec. Laws 408, § 48). On March 17, 1958, the R.T.M., at a special meeting, created a general school planning and building committee composed of twenty-one members. The committee was authorized and instructed, inter alia, to plan for the acquisition of a site for, and the erection of, a new elementary school in the town and to report to the R.T.M. "its actions and recommendations." The committee organized and appointed appropriate subcommittees, including a north elementary school subcommittee, to deal with the several problems involved. The committee and its subcommittees worked on the matter for a year before sending to the board of selectmen, on March 17, 1959, the recommendation of a particular site,

chosen from among the several sites considered. The recommendation, of the so-called Sali-Kavookjian site, hereinafter referred to as the S-K site, was based in good part on the contents of a lengthy report submitted by a Stamford architectural firm which had been retained as a consultant by the subcommittee with the approval of the general committee. The S-K site was also approved by the town planning and zoning commission and the board of selectmen. On April 28, 1959, at an open meeting of the north elementary school subcommittee, and on May 7, 1959, at a regular meeting of the school building committee, a number of property owners in the vicinity of the proposed site, including several of the plaintiffs, raised objections to the site. They stressed the problems of cost, access by footpaths, safety and traffic, harm to surrounding residential property, suitability of location, and, particularly, sewage disposal. These objections were repeated at a meeting of the board of selectmen on May 18, 1959. The selectmen decided not to take further action but to leave the dispute for resolution by the R.T.M. at a meeting scheduled for June 15, 1959.

On that date, the R.T.M. received from several committees reports dealing with various aspects of the school site problem. Following the presentation of the reports, and over the objections of the plaintiffs, the R.T.M. voted that the town should proceed to acquire by purchase or condemnation the S-K site. Because of the continued subsequent protests of the plaintiffs, the board of selectmen reopened its study of alternate site possibilities as well as of the sewage disposal problem incident to the S-K site. After the board made a thorough review of these matters and reported in detail to the R.T.M., the latter, on January 18, 1960, voted to

reaffirm its prior action and to urge the immediate acquisition of the S-K site. Funds necessary for the acquisition were then voted by the boards of selectmen and finance, and their actions were subsequently approved by a special meeting of the R.T.M. on February 15, 1960.

The plaintiffs claim that the procedure followed in acquiring the site was illegal because the R.T.M. delegated to the various committees studying the site problem its own powers of deliberation and decision. The town of Darien is a school district and has the power to select a site and build a school. General Statutes §§ 10-240, 10-241. By special act, 26 Special Laws 66, § 1, as amended by 29 Special Laws 408, § 48, the legislative power of the town was placed in the R.T.M. This gave to the R.T.M. authority to legislate with respect to the matters involved in this case. A determination of the need, location and construction of a schoolhouse presents a complex of problems. This appears to have been particularly true in Darien. The board of education and its special committees had begun an intensive study of the town's school requirements in May, 1954. It has long since become regular procedure for the town authority which ultimately must make the final decision as to the need, location and construction of a school to employ the assistance not only of town officials and agencies but also of special committees and consultants. This was the course followed in Darien.

The R.T.M. could not delegate its powers of decision to any committee appointed by it or to another town agency or a town official. *Donnelly* v. *New Haven*, 95 Conn. 647, 653, 111 A. 897; Rhyne, Municipal Law § 4-10; 37 Am. Jur. 732, § 118. It is true that the board of education, the board of

selectmen, the town planning and zoning commission, and the general school planning and building committee created by the R.T.M. did severally vote to recommend the S-K site, after each had made its own investigation. There was nothing improper in this procedure. On the basis of the reports and recommendations of these agencies, the R.T.M. took decisive action, by its vote at its meeting on June 15, 1959, to acquire the S-K site. Thereafter, because of the continued objection of the plaintiffs, the selectmen reopened the matters of alternate sites and sewage disposal. They reported further to the R.T.M. at its meeting on January 18, 1960, and the R.T.M. voted to reaffirm its prior action. The referee's findings and conclusions demonstrate fully that the R.T.M. acted at these two meetings with due consideration and deliberation on the facts submitted to it by its committees. Furthermore, the R.T.M., on February 15, 1960, voted to approve the action taken by the board of finance and the board of selectmen to acquire the site. This ratification finally concluded the question. *Dibble* v. *New Haven,* 56 Conn. 199, 202, 14 A. 210.

Courts cannot be concerned with the wisdom or judgment of a legislative decision. Differences of opinion are not sufficient grounds for interference with legislative action, so long as that action is within the legal powers conferred and is not exercised through fraud, improper motives or influences, or in plain disregard of duty or clear abuse of power. *Whitney* v. *New Haven,* 58 Conn. 450, 457, 20 A. 666; *McAdams* v. *Barbieri,* 143 Conn. 405, 421, 123 A.2d 182. None of these elements characterize the action taken by the R.T.M. in this case.

There is no error.

In this opinion the other judges concurred.