ROBERT E. BARNES *v.* VICTOR V. VIERING, EXECUTOR (ESTATE OF CARRIE T. B. PURINTON), ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 15—decided December 15, 1964

*John E. Fay,* with whom was *Richard T. Scully,* for the appellant (plaintiff).

*William B. Fitzgerald,* with whom was *William B. Fitzgerald, Jr.,* for the appellee (named defendant).

*Curtis H. Barnette* appeared for the appellees (defendant trustees of Yale University).

COMLEY, J. The plaintiff contends that a letter to him from his aunt, Carrie T. B. Purinton, should have been admitted to probate as her last will and testament. The reasons of appeal from the decree of the Probate Court for the district of New Hartford to the Superior Court state that the letter was the last will and testament of Mrs. Purinton, duly executed according to law, without undue influence, fraud or mistake, and that the decedent was of sound mind at the time of its execution. The named defendant demurred to the reasons of appeal on the sole ground that the letter, which was annexed to the reasons of appeal, "is not a Will." The assertion in the reasons of appeal that the letter was the last will and testament of the decedent was a statement of a legal conclusion and, therefore, was not ad-

mitted by the demurrer. The letter is printed in the footnote.[1]

The plaintiff claims that the court erred in sustaining the demurrer because it did not "distinctly specify the reason or reasons why the pleading demurred to is insufficient." General Statutes § 52-92; Practice Book § 107. Although the plaintiff may be technically correct, the record indicates that the question decided by the trial court in ruling on the demurrer controls the disposition of this case, and, in addition, that question has been fully argued before us. Under these circumstances, no good purpose would be served by remanding the case for trial on the basis that the demurrer was not specific. *Beach* v. *Trumbull*, 133 Conn. 282, 284, 50 A.2d 765, and cases cited.

The present case presents a situation where "an examination of the pleadings indicates that the allegations so patently depend upon the exhibits for support as to make the legal effect of the exhibits determinative of the correctness of the trial court's ruling on the demurrer." *Utley* v. *Nolan*, 134 Conn. 376, 377, 58 A.2d 9.

---

[1] "Dear Robert:

You know this house and the furnishings that have been in the family for a good many years really belong to you. It was Grandfather Brown's wishes to keep it in the family to the last living relative and you Robert are the last one left. There is nothing I can do now but you can take it to court and file your claim if you have to.

I appoint Mrs. Lillian Bedore to write this letter for me and she has promised she will give you this letter after my death.

s/ CARRIE B. PURINTON
in the presence of
s/ LILLIAN BEDORE
s/ GEORGE DIETZ
s/ RUTH M. DIETZ

Witnessed,
March 16, 1963."

A will is more than a document executed in compliance with the statutory formalities required for testamentary disposition. "A will is the legal declaration of intention as to the disposition of one's property after death." *Jacobs* v. *Button,* 79 Conn. 360, 362, 65 A. 150; *Whitehill* v. *Halbing,* 98 Conn. 21, 23, 118 A. 454. " 'Will,' as here used . . . means the bequests and devises made by the . . . [testatrix] and expressed in writing and made known through the writing in the manner prescribed by law." *Hatheway* v. *Smith,* 79 Conn. 506, 511, 65 A. 1058. This letter makes no disposition; on the contrary it states that no disposition is intended. The will must contain language which in and of itself expresses the testamentary gift intended. Id., 512. The letter, as the trial court concluded, is not a will. Thus, the demurrer was properly sustained.

Extrinsic evidence cannot be used to supply a dispositive provision which would make this letter a will. The applicable reasoning is the same as that which prohibits the use of such evidence to cure deficiencies in an otherwise valid will. "To admit such [extrinsic] evidence and use it to make up for deficiencies in the will itself would be to permit testamentary disposition of property without the formalities of execution required by statute for such disposition." *Beardsley* v. *Merry,* 136 Conn. 573, 577, 72 A.2d 829.

There is no error.

In this opinion the other judges concurred.