SALLY G. McADAM ET AL. *v.* FRANK K. SHELDON ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued November 3—decided December 30, 1965

*W. Bradley Morehouse,* for the appellants (plaintiffs).

*Stewart H. Jones,* with whom was *A. William Mottolese,* for the appellees (defendants).

KING, C. J. The plaintiffs, taxpayers of the town of Greenwich, brought this action to enjoin the town and its board of education, hereinafter referred to as the board, from proceeding with their plans to construct a new high school until they make further investigation of the desirability and development cost of the proposed site as compared with the desirability and development costs of alternative sites. The first ground of the defendants' demurrer was that the facts alleged did not indicate that any of the defendants' acts were illegal, fraudulent or corrupt.

The plaintiffs, however, make no claim that the action of the defendants was in any way tainted by fraud or corruption, or even that it was illegal in the sense that it was not procedurally regular and authorized. See *Baker* v. *Kerrigan,* 149 Conn. 596, 183 A.2d 268. The plaintiffs' claim is that the action was illegal because it constituted a gross abuse of

discretionary power. Under the construction of the demurrer adopted by the parties, and followed by the court below, the term "illegal" as used in the demurrer raised this issue of gross abuse of discretionary power.[1] See *Anselmo* v. *Cox,* 135 Conn. 78, 79, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405.

In testing a complaint against attack by demurrer, we must construe the complaint in the manner most favorable to the pleader. *Oppenheimer* v. *Connecticut Light & Power Co.,* 149 Conn. 99, 102, 176 A.2d 63. Here the material allegations of fact, admitted by the demurrer, reveal that the board decided that a tract of land, hereinafter referred to as the Put's Hill site, should be acquired as a location for a new high school, although on that tract are private homes, a swamp and a granite ledge. A special committee of the representative town meeting, after an investigation, recommended the acquisition of that site. Thereafter, the representative town meeting, acting pursuant to the request of the board and the recommendation of the board of estimate and taxation, appropriated funds for the acquisition of the Put's Hill site and the employment of architects and engineers to prepare the plans for the new school.

The plaintiffs seek to require the municipal authorities to reexamine their decision and to investigate "fully" all costs involved in the Put's Hill site and in "more suitable, economical and practical" alternative sites, including the site of the present high school. In short, the plaintiffs are seeking court review of the particular action of the local authorities in choosing the Put's Hill site.

---

[1] The demurrer should have more specifically raised this issue. Practice Book § 107.

The rule for judicial review of municipal legislative decisions as stated in *Whitney* v. *New Haven,* 58 Conn. 450, 457, 20 A. 666, is controlling. See *Baker* v. *Kerrigan,* supra, 601; *Peterson* v. *Norwalk,* 150 Conn. 366, 375, 190 A.2d 33. When municipal authorities are acting within the limits of the formal powers conferred upon them and in due form of law, the right of courts to supervise, review or restrain them is necessarily exceedingly limited. In part, this stems from the constitutional separation of the legislative, executive and judicial functions and powers. See cases such as *Malmo's Appeal,* 72 Conn. 1, 4, 43 A. 485. And where, as here, the municipal authorities act in accordance with formal requirements, courts will interfere only "where fraud, corruption, improper motives or influences, plain disregard of duty, gross abuse of power, or violation of law, enter into or characterize" the action taken. *Whitney* v. *New Haven,* supra. Mere differences in opinion among municipal officers or members of the municipal electorate are never a sufficient ground for judicial interference. *Whitney* v. *New Haven,* supra. This seems to be the general rule. 62 C.J.S., Municipal Corporations, §§ 199, 201; 13 McQuillin, Municipal Corporations (3d Ed.) §§ 37.03, 37.26; 18 id. (3d Ed. Rev.) § 52.21. Even without consideration of constitutional infirmities, any broader rule would potentially involve the courts in the review and revision of many, if not all, major controversial decisions of the legislative or executive authorities of a municipality.

The plaintiffs seem to concede that the foregoing rule is the correct one. Their claim is that here there has been such a disregard of duty in the inadequacy of the investigation and consideration of competing sites, including the Put's Hill site, as

to amount to a gross abuse of discretionary power and to constitute illegality warranting judicial intervention.

A demurrer admits facts only. It does not admit legal conclusions; *Barnes* v. *Viering,* 152 Conn. 243, 244, 206 A.2d 112; or the truth or accuracy of opinions stated in the pleadings. *Eliot's Appeal,* 74 Conn. 586, 601, 51 A. 558. Thus, the allegation that "[t]he conduct of the defendant members of the Board of Education . . . amounts to an abuse of the discretion vested in them by law and constitutes the illegal and improper performance of their public duties" is not admitted by the demurrer. Unless that conclusion follows from the facts alleged, and admitted by the demurrer, it is not an element in this case.

The allegations of the complaint show a series of meetings of the various municipal bodies at which the plaintiffs and others pointed out the expenses and difficulties flowing from the choice of the Put's Hill site and at which they stated their other objections to its selection, and that these statements and objections did not prove persuasive. But the general investigation by the special committee of the representative town meeting and the investigation of surface and subsurface conditions of the swamp by the board (although the latter was not, in the plaintiffs' opinion, a serious effort) refute any implication that there was no site investigation whatsoever. It further appears that the board has prepared tentative plans showing the building locations on the Put's Hill site.

It is not for the courts to say how many, if any, alternative methods of accomplishing a desired result must be investigated or considered by municipal authorities before they decide on one partic-

ular method of proceeding. It can always be said that some other site is worthy of investigation or consideration. But at some point a definite decision must be made. Nor can the courts require consideration of any particular report or recommendation submitted. Much must be left to the discretion of the local authorities. *Sheldon* v. *Centre School District,* 25 Conn. 224, 227. This includes discretion as to how many sites to investigate and consider, and into how much detail that investigation and consideration should extend, before a selection is finally made.

The further allegations that the board used "pressure" to prevent other agencies from considering other sites and that it caused conflicting reports on the alternative sites to be issued are mere conclusions which were unsupported by the allegations of subordinate facts. Of course these conclusions are not admitted by the demurrer. *Barnes* v. *Viering,* supra; *Eliot's Appeal,* supra. Furthermore, the plaintiffs, as previously noted, claimed no fraud or corruption. And it was the duty of the board, under General Statutes § 10-220, to make recommendations as to new schools, and it had the right to urge the adoption of those recommendations.

It was further alleged in the complaint that the high cost of acquiring and developing the Put's Hill site will result in a waste of public funds. But the high cost, alone, of municipal improvements cannot be a basis for judicial intervention in the affairs of a municipality. The municipality has the power to decide how economically it will perform its governmental duties. In this area, the municipality is like an individual managing his private financial affairs. It is equally free from judicial control. *Dibble* v. *New Haven,* 56 Conn. 199, 201, 14 A. 210.

In short, the complaint does not reveal a situation in which judicial intervention is warranted or permissible under any theory. The problem is a political one, and the remedy, if any is needed, is a change in the membership of the board and of the representative town meeting. See *Board of Education* v. *Ellington,* 151 Conn. 1, 10, 193 A.2d 466, and cases cited. The court was not in error in sustaining the demurrer. *Hoxie* v. *New York, N.H. & H.R. Co.,* 82 Conn. 352, 367, 73 A. 754.

After the demurrer had been sustained, the plaintiffs filed an amendment to the complaint, which, upon motion by the defendants, was ordered expunged. The proposed amendment would not overcome the inherent inadequacy of the complaint in the respects already pointed out, and there was no error in the order granting the motion to expunge. *Lancaster* v. *Bank of New York,* 147 Conn. 566, 579, 164 A.2d 392.

There is no error.

In this opinion the other judges concurred.