[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH
This is an appeal from the assessment of personal property of the plaintiff on the lists of 1989, 1990 and 1991 by the taxing authorities of the City of Bridgeport, taken under 12-117a
(formerly 12-118) of the General Statutes. The appeal states that the plaintiff filed written lists of its personal property with the Assessor of the City of Bridgeport for the tax years of 1989, 1990 and 1991. It later received a notice of an increased assessment for those years and engaged in discussions with agents of the Assessor. When the Assessor failed to take any action to change the assessments, the plaintiff appealed to the Board of Tax Review which made no change in the valuations. This appeal from the valuation of the plaintiffs personal property the assessment lists of October 1, 1989, 1990 and 1991 was taken on May 14, 1993.
When this appeal was pending, on October 4, 1993, the Assessor gave the plaintiff notice of a hearing pursuant to 12-53 of the General Statutes, requesting that the plaintiff appeal at the Assessor's office on October 13, 1993 and to bring with it various documents including accountings, tax returns and other financial records. The plaintiff has filed a motion to quash the notice of the hearing, claiming that it was not filed within the time limits of 12-53, and that the Assessor no longer has jurisdiction since an appeal from the assessment has been taken to the Superior Court. CT Page 10089 In addition to this action brought under of 12-118 of the General Statutes, the plaintiff has brought an action under 12-119
entitled Hubbell Incorporated v. City of Bridgeport, et al, CV93-0304607S which also covers the tax years of 1989, 1990 and 1991.
The assessor or board of assessors of each town is given the authority by 12-53 of the General Statutes to assess any taxable personal property which has been omitted from the list of personal property which the property owner is required to submit to the assessor or board of assessors. Under 12-53(a) the assessors can add the omitted property to the assessment list plus 25% of the assessment "during the period prescribed by law for the completion of their duties." After the assessor completes and submits the assessment list (effective on the assessment date for a particular tax year) the assessors duties are completed for that list. Any change in assessments is then made by the board for tax review for that assessment year. The board of tax review reviews the valuation of property for tax purposes made by the assessor when a property owner appeals to the board of tax review pursuant to 12-111
and 12-112 of the General Statutes. The board of tax review may reduce the assessment of any property under 12-113 or can make a supplemental list of any taxable property which has been omitted by the assessor or board of assessors under 12-115. When applying12-115, the board adds omitted property at 70% of its present true and actual value from the best information that it can obtain, and if the property owner failed to file a list including the property, the board adds 25% to the assessment. The property owner can appeal the decision of the board of tax review to the Superior Court within two months from its decision. Sections 12-115 and12-117a (formerly 12-118) C.G.S. Section 12-53(a), giving authority to the assessor to add omitted property to the assessment list and12-115, allowing the board of tax review to add omitted property, contain similar provisions. Which statute controls depends upon when the omitted property is discovered. The assessors can add it pursuant to 12-53(a) until they complete their duties for the assessment list, and after that the board of tax review decides under 12-115 whether omitted property should be added to the assessment list.
As a general proposition, taxing authorities cannot add property to an assessment list after the assessment date and the meetings of the board of tax review which follow it to review the assessments on that list. The problem of undisclosed property or the inability of the taxing authorities to determine its value is a problem covered by 12-53(b). The statute allows Assessors to CT Page 10090 convene a hearing within three years after the list of taxable property is received from the property owner of three years after the filing of a list was due if the assessor of board of assessors claim that (1) taxable property has been omitted from the list submitted, (2) taxable property belongs to a person who has not submitted a list, or (3) the assessor of board of assessors are unable to determine the value of the property without the assistance of the owner, custodian or other person having knowledge of its value. In these situations a written notice may be given to such person to appear before the assessor or board of assessors with documents and records for examination under oath concerning the value of the property. After the hearing, property which the assessor or board of assessors believe should have been listed for taxation but was not listed, is valued by them from the information obtained and added to the list at the percentage of fair market value used for property in the municipality plus 25%. Section 12-53(b) C.G.S. A decision of assessors under 12-53 is appealable to the board of tax review and from it to the Superior Court. Section12-53(d) C.G.S.
In Bridgeport Electric Co v. City of Bridgeport,9 Conn. L. Rptr. 235, 236 (July 12, 1993) (Thim, J.) the court, after review of statutory amendments resulting in the current version of 12-53, concluded that there is a distinction between proceedings under subsections (a) and (b) of the statute. Subsection (a) governs actions of assessors in adding taxable property to the list of a taxpayer for the current tax year, while subsection (b) allows assessors to add property to any prior list. An assessor must give notice to the taxpayer and an opportunity for a hearing which adding property to a tax list for years other than the current tax year under subsection (b).
The powers of taxation by a municipality can be exercised only in strict conformity with the terms of the statutes, and any doubt as to the power to tax is strictly resolved against the municipality and in favor of the taxpayer. Pepin v. City of Danbury, 171 Conn. 74, 83. In this case the Assessor has already assessed the plaintiffs' personal property on the lists of 1990, 1991 and 1992. While an assessor must give notice to the property owner and an opportunity for a hearing when adding property to a tax list for a prior tax year as provided in 12-53(b), Bridgeport Electric Co. v. City of Bridgeport, supra, the failure to hold a hearing was waived when the plaintiff appealed to the board of tax review. Quinebaug Reservoir Co. v. Town of Union, 73 Conn. 294,299. CT Page 10091
Since the Assessor already determined the valuation of the personal property on the lists of 1990, 1991 and 1992, 12-53(b) no longer applies. It covers the situations where the taxpayer failed to list property for taxation or the assessor is unable to determine the value of property which has been disclosed. The purpose of the hearing is to determine the value of property so the assessor can add it to the list. Once this occurs the statute no longer applies, unless there is additional omitted property not covered by the previous assessment, which does not appear to be the situation here. Moreover, after the plaintiff appealed, first to the Board of Tax Review and then to the Superior Court to review the Assessor's valuation, the Assessor no longer has jurisdiction to hold a hearing on the assessments under appeal. The proper valuation of the property is determined in a trial de novo in the Superior Court. Orange Street Armory Associates, Inc. v. City of New Haven, 17 Conn. App. 166, 171.
The defendants claim that their right to hold the hearing is based on 12-53(b), and they identify no ocher statute or rule allowing the procedure. While discovery is permissible in an administrative appeal where the court finds it reasonably probable that evidence outside the record will be required (Practice Book 218, 223, 227), permission to conduct discovery has not been applied for or granted in this case. According]y, there is no statutory basis here for what amounts to a pre-trial discovery proceeding by the defendants on valuation of the property.
The defendants rely upon the concept that courts should not grant injunctions which will interfere with the operations of municipal government except in extraordinary situations. McAdam v. Sheldon, 153 Conn. 278, 281. However, this concept does not apply where a municipality acts outside the scope of its municipal powers, in which case it is not performing an authorized, discretionary function. In short, the defendants are acting outside of their statutory powers of taxation and are not entitled to compel the plaintiff to attend the hearing. The plaintiff has only requested an order to quash the subpoena for it to attend the hearing, and has not requested a permanent injunction against the municipality or its officials.
The motion is granted as to the personal property involved in this appeal.
ROBERT A. FULLER, JUDGE CT Page 10092