[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#111)
The plaintiff, The Dime Savings Bank of New York, FSB, brought CT Page 1296 this foreclosure action against the defendants, John B. Merola and Susan Fink-Merola. The one count complaint alleges that, as evidenced by a promissory note, the defendants owe The Dime Real Estate Services- Connecticut, Inc. [Dime Real Estate] a sum of $117,000, plus interest, payable in monthly installments. To secure this note the defendants mortgaged to Dime Real Estate certain real property located in Waterbury, Connecticut.[1] Dime Real Estate assigned the note and mortgage to the plaintiff, who now owns them. The complaint alleges the defendants are in default on the note and mortgage, and the plaintiff has exercised its option to declare the entire balance due and payable. The plaintiff now seeks to foreclose on the Waterbury property.
The defendants filed an answer, special defenses and counterclaims. The defendants have filed have filed five special defenses alleging the plaintiff's action is barred on the grounds of: (1) breach of the covenant of good faith and fair dealing; (2) equitable estoppel; (3) violation of General Statutes Sec. 42-110b
(Connecticut Unfair Trade Practices Act -CUTPA); (4) violation of General Statutes Sec. 31-51m (Connecticut's "Whistleblowing Statute"); and (5) wrongful termination. All five of the special defenses are based on the factual allegations that the plaintiff, through its Connecticut subsidiary, Dime Real Estate, agreed to fund the purchase of the property in question on the basis of the income that the plaintiff provided John Merola in his capacity as a closing attorney for the bank, and then terminated John Merola's employment because of his attempts to bring improper loan writing practices to the attention of certain employees of the plaintiff.
The defendants also filed four counterclaims based on the following causes of action: (1) breach of the implied covenant of good faith and fair dealing; (2) violation of Sec. 31-51m; (3) discharge in violation of public policy; and (4) violation of CUTPA. These counterclaims are based on the same factual allegations of the defendants' special defenses: that the mortgage and loan that are the subject of this foreclosure were granted on the basis of John Merola's income as an employee of the plaintiff's Connecticut subsidiary, Dime Real Estate, and that John Merola was terminated from such employment because of his attempts to bring improper loan writing practices to the attention of the plaintiff.
The plaintiff now moves to strike the defendants' special defenses and counterclaims on the grounds that special defenses are not cognizable in a foreclosure action, and that the causes of action stated in the counterclaim do not arise out of the same CT Page 1297 transaction as the claims in the complaint. The plaintiff has filed a memorandum of law in support of its motion. The defendants have filed a memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 151; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action."Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (Super Ct. 1983). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinion stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "The legal conclusions or opinions stated in the special defense are not deemed admitted but rather must flow from the subordinate facts provided." CountryFed. Sav. Loan Assn. v. Eastern, 3 Conn. App. 582, 586,491 A.2d 401 (1985), citing McAdam v. Sheldon, 153 Conn. 278, 283,216 A.2d 193 (1965).
In a foreclosure action, defenses are generally limited to payment discharge, release, satisfaction or invalidity. ShawmutBank v. Wolfley, 9 C.S.C.R. 216 (January 24, 1994, Dean, J.). A foreclosure action, however, is an equitable proceeding where the trial court may consider all relevant circumstances to ensure that complete justice is done. Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "Therefore, many courts, exercising their equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as a valid defense to a foreclosure action." National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.).
Courts have limited these equitable defenses to only those which attack the making, enforcement, or validity of a note or mortgage. National Mortgage Co. v. McMahon, supra, 9 CSCR 300, citing Shoreline Bank Trust Co. v. Leninski, 8 Conn. L.Rptr. 522, 525 (March 19, 1993, Celotto, J.). The rationale behind this limitation "is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." National Mortgage Co. v.CT Page 1298McMahon, supra.
The special defenses and counterclaims of the defendants do not attack the making, enforcement, or validity of the note and mortgage that are the subject of this foreclosure action. Instead, the allegations concerning the defendant John Merola's employment with the plaintiff, and subsequent termination are wholly unrelated to this foreclosure action. While it is true that in certain circumstances courts have recognized the equitable nature of foreclosure proceedings and have permitted a variety of defenses, the special defenses and counterclaims alleged by the defendants do not sufficiently relate to the note and mortgage that underlie this action. The factual allegations attack the propriety of the plaintiff's termination of the defendant John Merola, but fail to attack the validity, enforcement and making of the note and mortgage in this action. Were the court to allow such special defenses and counterclaims, the issues facing the court would center on the plaintiff's termination of the defendant John Merola, and not on the making, validity, and enforcement of the note and mortgage in question. The claims raised by the defendants' special defenses and counterclaims do not arise out of the same transaction as this foreclosure action, and therefore, cannot be permitted. The special defenses and counterclaims, therefore, are not proper in this foreclosure action, but would be raised more properly in a separate action.
For these reasons, the plaintiff's motion to strike the defendants' special defenses and counterclaims is granted.
PICKETT, J.