[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, Security Pacific National Trust Company (New York) Trustee, instituted this foreclosure action against the defendants, Paul Rolny and Alena Rolny. The plaintiff's complaint alleges that the defendants, by way of a note dated February 22, 1990, promised to pay Citicorp Mortgage, Inc. a principal sum of $190,600 with interest payable in monthly installments. This note was assigned to the plaintiff, who is currently its owner. The defendants also mortgaged to Citicorp Mortgage, Inc. real property located in the Town of Watertown, Connecticut as security for the note. The complaint alleges that the defendants failed to pay balances on the note when due, and are in default on the note and mortgage. In accordance with the provisions of the note, the plaintiff has accelerated the debt, so that the entire balance is presently due and payable. The plaintiff now seeks foreclosure of the mortgage.
The defendants filed an answer, special defenses and counterclaim. The defendants' first, second and fifth special defenses allege estoppel. The third and fourth special defenses allege breaches of an implied covenant of good faith and fair dealing. The defendants also filed a four count counterclaim alleging claims of misrepresentation, breach of an implied covenant of good faith and fair dealing, negligent infliction of emotional distress and a violation of the Connecticut Unfair Trade Practices CT Page 7809 Act (CUTPA).
The plaintiff now moves to strike the defendants' special defenses and counterclaim. The plaintiff attached a supporting memorandum of law to its motion. The defendants did not file any opposition to this motion to strike.
DISCUSSION
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 151; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action."Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (Super Ct. 1983). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinion stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "The legal conclusions or opinions stated in the special defense are not deemed admitted but rather must flow from the subordinate facts provided." CountryFed. Sav. Loan Assn. v. Eastern, 3 Conn. App. 582, 586,491 A.2d 401 (1985), citing McAdam v. Sheldon, 153 Conn. 278, 283,216 A.2d 193 (1965). "In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
The plaintiff argues that defendants' special defenses and counterclaims are not cognizable because they do not attack the making, validity or enforcement of the note or mortgage being foreclosed in this action. The plaintiff also claims that the special defenses are insufficient under the terms of the note. The plaintiff further argues that the individual counts of the counterclaim fail to state claims upon which relief may be granted.
In a foreclosure action, defenses are generally limited to payment discharge, release, satisfaction or invalidity. ShawmutBank v. Wolfley, 9 C.S.C.R. 216 (January 24, 1994, Dean, J.). A foreclosure action, however, is an equitable proceeding where the trial court may consider all relevant circumstances to ensure that complete justice is done. Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "Therefore, many courts, exercising their CT Page 7810 equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as a valid defense to a foreclosure action." National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.).
Courts have limited these equitable defenses to only those which attack the making, enforcement, or validity of a note or mortgage. National Mortgage Co. v. McMahon, supra, 9 CSCR 300, citing Shoreline Bank Trust Co. v. Leninski, 8 Conn. L.Rptr. 522, 525 (March 19, 1993, Celotto, J.). The rationale behind this limitation "is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." National Mortgage Co. v.McMahon, supra.
The defendants' first, second and third special defenses are based on allegations that the defendants requested workout assistance from, and tendered partial installment payments to, the plaintiff. The defendants allege that the plaintiff never notified the defendants that, despite these partial payments, they were in default. The first and second special defenses allege that the plaintiff is estopped from foreclosing on the mortgage because it waived its foreclosure rights by accepting the partial payments and by failing to give the defendants notice that, despite their payments, they were delinquent. The third special defense alleges that the plaintiff's conduct constituted a breach of an implied covenant of good faith and fair dealing.
These special defenses, however, are not valid because they fail to attack the making, enforcement or validity of the note or mortgage in the present action. National Mortgage Co. v. McMahon,
supra, 9 CSCR 300. Also, the failure to provide notice of default is not a proper defense to a foreclosure action. See Bank of NewHaven v. Liner, Superior Court, j.d. of Ansonia/Milford at Milford, No. 03 45 16 (April 2, 1993, Curran, J.). Furthermore, the note, which is appended to the complaint, provides that the defendants waived their notice of dishonor and presentment rights. The note additionally provides that default includes' the failure to pay the full amount of each monthly payment on the date it is due. By the express provisions of the note, payment of the full installment was due each month and the plaintiff had no CT Page 7811 obligation to notify the defendants if they were in default. The purpose of a special defense is to plead facts which are consistent with the allegations but show, notwithstanding, that the plaintiff has no cause of action. Commissioner ofEnvironmental Protection v. National CanCorporation, 5 CSCR 173 (February 9, 1990, Corrigan, J.); Practice Book Sec. 164. These special defenses fail to show that the plaintiff has no cause of action. Therefore, the first, second and third special defenses are legally insufficient and the motion to strike these defenses is granted.
The fourth and fifth special defenses concern the defendants attempts to refinance their mortgage and reach a workout agreement. These special defenses also fail to attack the making, validity and enforcement of the note and mortgage. National Mortgage Co. v.McMahon, supra. Instead, these special defenses concern the business judgment of the plaintiff and are not proper special defenses in a foreclosure action. Id., 301. Therefore, the motion to strike the fourth and fifth special defenses also is granted.
The first count of the counterclaim alleges that the plaintiff's failure to notify the defendants of their delinquency on the note constituted an actionable misrepresentation. This count is legally insufficient because it fails to allege the necessary element that the misrepresentation "was made to induce the other party to act on it." Webb Press Service Corp. v. NewLondon Motors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987). Furthermore, this counterclaim fails to attack the making, validity or enforcement of the note or mortgage. National Mortgage Co. v.McMahon, supra, 300. It therefore is not a proper counterclaim since it does not arise out of the transaction which is the subject of this action. Practice Book Sec. 116. Therefore, the motion to strike the first count of the counterclaim is granted.
The second count of the counterclaim alleges that the plaintiff breached an implied covenant of good faith and fair dealing by accepting partial payments on the note and by failing to notify the defendants of their delinquency. As discussed earlier, however, the note specifically provides that default includes failure to pay the full monthly installment and that the defendants waived their presentment and notice of dishonor rights. Furthermore, this count does not attack the making, validity or enforcement of the note or mortgage. Therefore, the motion to strike the second count of the counterclaim is granted. CT Page 7812
The third count of the counterclaim alleges negligent infliction of emotional distress. The defendants claim that the plaintiff's conduct in accepting partial payments and failing to notify the defendants of their delinquency constitutes extreme and outrageous conduct. As discussed, earlier, the plaintiff's actions were authorized by the note, and, therefore, were neither extreme nor outrageous. Additionally, this count fails to attack the making, validity or enforcement of the note or mortgage. Therefore, the motion to strike the third count of the counterclaim is granted.
The fourth count of the counterclaim alleges a violation of CUTPA. This count is also legally insufficient because it fails to allege conduct constituting a violation of CUTPA and also fails to attack the making, validity or enforcement of the note or mortgage. Therefore, the motion to strike the fourth count of the counterclaim also is granted.
In conclusion, the plaintiff's motion to strike the defendants' five special defenses and the four counts of the counterclaim is granted.
PICKETT, J.