[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision re: Motion to Strike Counts Two
CT Page 11946 through Seven of Amended Complaint
Plaintiff brings this action based upon an underlying contract dated July 28, 1995 for the purchase and sale of certain real property, owned by the defendant and to be developed by the plaintiff in Hartford, Connecticut. That contract contains a provision that it may be amended only by a written document. That never occurred.
The Second Count is for breach of that contract. The contract provides that plaintiff must obtain "sufficient funding . . . to begin substantial progress towards completing" the project. To prove its ability to obtain sufficient funding, plaintiff offered a letter from MEMCORP, Inc. which provided only "to facilitate this transaction". To facilitate is not to lend and is not to commit. It is only "to make easy or less difficult; to free from difficulty" Webster's New International Dictionary 2d Ed. That was not enough to prove plaintiff's ability to fund the project.
Third Count is for wrongful termination of a contract. The contract in question had a termination date of January 28, 1996. Upon plaintiffs request, dated January 19, 1996, this date was extended by the defendant on January 22, 1996 for 30 days to February 29, 1996. This extension was given subject to the requirement that plaintiff demonstrate "substantial progress be made towards commencement of development of the project". The plaintiff accepted the extension. Another extension was given to March 1, 1996.
The defendant did not terminate the contract; plaintiff did by allowing the contract to expire.
Even though there were two unwritten modifications to the contract, each party agreed and accepted them. However, there was no extension of the contract oral or written beyond March 1, 1996, thus, on that date at the latest the contract terminated.
The fourth count alleges tortuous interference. The defendant argues that a party to a contract cannot interfere with the performance of that contract. The court agrees. Multi-ServiceContractors, Inc. v. Vernon 193 Conn. 446, 451.
The fifth count alleges breach of state public policy. The CT Page 11947 court can find no such cause of action and thus plaintiff has not met its duty to allege a cognizable cause based on pleaded facts.McAdam v. Sheldon 153 Conn. 278, 282-283; Rossignol v. DanburySchool of Aeronautics 154 Conn. 549, 557-558.
The sixth count alleges violations of C.G.S. § 35-24 et seq (the antitrust statute). That statute requires that any person filing a complaint under that statute "shall simultaneously with the return to the Superior Court . . . mail a copy of the complaint . . . to the Attorney General." The complaint does not indicate that such a copy was sent to the Attorney General.
There is nothing in the complaint that would appear to prove that the defendant is or was in competition with plaintiff. C.G.S. § 35-27. There are no factual allegations of restraint of trade or commerce C.G.S. § 35-28; or of lessening of competition C.G.S. § 35-29. In the absence of all of those items there can be no violations.
The seventh count of the complaint alleges negligence.
Negligence requires proof of a duty by the defendant to use due care under the circumstances. Burns v. Board of Education222 Conn. 640, 646-652. The court is charged to determine whether such a duty exists. Gordon v. Bridgeport Housing Authority208 Conn. 161, 170-171. The court does not see allegations of facts which impose some duty on defendant.
A municipality generally is immune from liability for tortuous acts at common law. Ryszkiewicz v. New Britain193 Conn. 589, 593. But by statute a municipality is "liable for damages to persons or property, caused by . . . (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit." C.G.S. § 52-557n(a)(1)(B). Here the defendant could be found to expect a pecuniary benefit. The statute contains an exception to that imposition of liability for "acts or omission which require the exercise of judgment or discretion as an official function of the authority espressly or impliedly granted by law." C.G.S. § 52-557n(a)(2)(B). By statute a municipality is specifically immune from liability for various acts. C.G.S. § 52-557n(b)(5)-(7). This includes acts as alleged in our situation. All of the alleged acts were discretionary and the defendant would have governmental immunity for such acts. CT Page 11948Purzycki v. Fairfield 244 Conn. 101, 108. One exception to this rule denying liability for discretionary acts is found in a situation where the defendants' failure to act would be likely to called harm to an identifiable person. Evon v. Andrews211 Conn. 501, 505. That is our situation. Thus even though defendant's action was discretionary as in Gordon v. Bridgeport HousingAuthority supra 181-182 the claim fits under the exception ofEvon v. Andrews, supra.
The motion to strike is granted as to Counts Two, Three, Four, Five and Six and denied as to Count Seven.
N. O'Neill, J.