[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DISSOLUTION OF LIS PENDENS
Plaintiff has filed a lis pendens against certain real property of defendant city in Hartford. Connecticut. Defendant now moves to dissolve that lis pendens.
The issue before the court is whether or not the plaintiff has sustained its burden of proof under C.G.S. § 52-325 (b(a) "to establish that there is probable cause to sustain the CT Page 7978 validity of [its] claim."
The plaintiff claims it had a valid contract to buy the property and defendant refuses to sell. Plaintiff alleges that it "was ready, willing and able" to tender the agreed upon purchase price based on at least four financing sources. Plaintiff made no tender nor did it present any witness from these claimed sources that one or more of them had made a firm commitment to lend money to plaintiff for the purchase of the property and development of the project. Plaintiff has failed to meet its burden. SeeFrumento v. Mezzanotte, 192 conn. 606, 616-617.
In plaintiffs brief it presents seven "Questions" as follows:
 (I)
Has the Plaintiff shown facts sufficient to "establish probable cause to sustain the validity of its claim", thus supporting its lis pendens and defeating the Defendant's pending motion to discharge it?
 (II)
Has the Plaintiff established probable cause to believe that contract of sale was not modified prior to the original scheduled closing date, or subsequent to that date? More specifically, did the January 22, 1996 and the February 26, 1996, resolutions of the Court of Common Council of the City of Hartford establish a valid modification of the contract according to the contract's terms?
 (III)
Has plaintiff established probable cause to believe that Defendant breached the contract of sale?
 (IV)
Has Plaintiff established probable cause to believe that Defendant breached its implied duty of good faith and fair dealing under the contract of sale
 (V)
If Defendant breached the contract of sale, or breached its duty CT Page 7979 of good faith and fairdealing under the contract, did this breach excuse Plaintiffs obligation to render further performance? More specifically, was Plaintiff required to tender payment after such breach, either at the specified closing date, or later?
 (VI)
Does the contract make "time of the essence"?
 (VII)
Has Plaintiff shown probable cause to believe that the Defendant committed misrepresentation and fraud?
As to each of these questions under ordinary lis pendens law the plaintiff is only required to establish probable causes. That only requires a bona fide belief in the existence of facts essential under the law for the action. Wall v. Toomey,52 Conn. 35, 36; Corsino v. Telesca, 32 Conn. App. 627, 63 1-632. However, the burden would appear to be higher when the complaint is seeking to have legislative actions and decisions of a city reviewed. McAdams v. Sheldon, 153 Conn. 278, 281. There is nothing before the court that proves the contract was entered into illegally or informally and thus the right of a court to intervene is "exceedingly limited". Whitney v. City of New Haven,58 Conn. 450, 457-458.
Question I is really the ultimate question to be answered after the others have been decided.
Question II is whether the contract was modified either once or twice. There is no question that there were two efforts at changes, but was either one valid? It would appear not.
Question III is answered in the negative. It was plaintiff who breached the contract.
The answer to Question IV is simply that there was no evidence that the defendant breached its duty of good faith and fair dealing.
As to Question V plaintiff had a duty to tender or at least propose a real estate closing date. It did neither and thus it breached the contract. In addition if it had so tendered under CT Page 7980 its construction it would have become the equitable owner of the property. State v. Lex Associates, 248 Conn. 612, 621-622.
As to Question VI the contract as originally entered into did not provide that time was of the essence. The original closing date was January 28, 1996. Plaintiff asked for and received a non-written extension of that date to February 28, 1996. During this period plaintiff never tendered or offered to tender payment at a reasonable time. To this date plaintiff has made no such tender. Nor did plaintiff offer any proof that it was ready, willing and able to purchase the property. There is no evidence that defendant expressed an intent not to sell during the period within which plaintiff should reasonably have tendered payment.
As to Question VII the court has sought to find facts that might indicate fraudulent acts by the defendant but has found none.
One of the problems with plaintiffs argument is that it states as a fact that supposed contract modifications were invalid. If that is so plaintiff should have tendered within a reasonable time at or after the closing date of January 28, 1996. The city gave it a thirty day extension in which plaintiff could have tendered. That is more than reasonable but plaintiff did nothing.
If we look at the extensions as invalid as plaintiff claims then plaintiff could simply have asked for a firm closing date and tendered the $3,976,000 purchase price then or within a reasonable time after January 28, 1996. This it never did. On the other hand if we take at least the first extension that plaintiff asked for as valid then the court finds that plaintiff clearly agreed to operate under its terms. This is shown by its lack of complaint and its efforts to gain $20,000,000 in financing commitment. In addition in plaintiffs brief it specifically states that the plaintiff "relying on the content of the Resolution of January 22, 1996 [the first extension] submitted documentation to establish `substantial progress' in conformity with the terms of the resolution.'
In regard to whether the plaintiff had in fact developer status the evidence in Exhibit 10 shows that on May 22, 1995 three resolutions were before the City Council in regard to the sale and development. Number 3 might be said to confer developer status but the resolutions adopted that day did not. To some CT Page 7981 extent plaintiff was allowed to act as a developer in regard to obtaining potential tenants for the "project" and even to allow plaintiff to tell tenants that it was the developer.
To go back to Question I the plaintiff has not presented facts to establish probable cause to sustain its claim under the ordinary lis pendens law or under the more stringent requirement when seeking to have legislative actions and decisions reviewed.
Motion granted.
N. O'Neill, J.