MILTON MOORE, ADMINISTRATOR (ESTATE OF JOHN H. MOORE) *v.* BRADFORD E. BUNK ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 7—decided March 23, 1967

*Joseph H. Sylvester,* with whom was *David B. Cohen,* for the appellant (plaintiff).

*Alan H. W. Shiff,* with whom, on the brief, was *Philip R. Shiff,* for the appellees (defendant Bunk et al.).

*John H. Cassidy, Jr.,* for the appellee (defendant Zalenski).

*Thomas J. Hagarty,* with whom, on the brief, was *Joseph T. Sweeney,* for the appellee (defendant Smith).

KING, C. J. This action was brought by the administrator of the estate of John H. Moore to recover damages for his death. The first count runs against the defendants Bradford E. Bunk and St. Stanislawa Benefits and Mutual Society, Inc., hereinafter referred to as Society, as permittee and backer, respectively, of Society's club liquor permit. The second count runs against the defendants Joseph Zalenski, George Smith, and George Morey.

The complaint alleges that on July 18, 1964, the decedent, a minor sixteen years of age, while he was on Society's club premises, was given, and consumed, intoxicating liquors in such quantity that he became intoxicated and, as a consequence of that

intoxication, so operated a motor vehicle as to cause it to collide with some trees, which resulted in the injuries from which he died.

The second count alleges that Zalenski, Smith, and Morey gave the liquor to the decedent, or permitted him to consume it, and that these acts were violations of General Statutes §§ 30-77 and 30-86 and constituted a proximate cause of his intoxication.

The first count alleges that Society and Bunk rented to the defendant Zalenski, who was not a member of Society, a portion of the club premises, knowing, or chargeable with knowledge, that intoxicating liquors would therein be dispensed to minors. It is further alleged that the decedent's intoxication, injuries, and death were proximately caused by Society and Bunk in that they rented the club premises to a nonmember, failed to obtain the signatures of the guests in a guest book, and failed to seal off the club barroom from the rented portion of the premises, all in violation of regulations of the liquor control commission; in that they allowed minors to loiter on the premises in violation of General Statutes § 30-90; in that they gave intoxicating liquor or allowed it to be given to a minor on the club premises; and in that they knew or should have known that minors were on the premises and were being given intoxicating liquor, but they failed or neglected to prevent such action from taking place.

All defendants demurred to the complaint, and, upon the sustaining of the demurrers, the plaintiff declined to plead over. From the judgment rendered for the defendants, the plaintiff appealed.

The plaintiff's primary claims are based on alleged violations of various general statutes and of

regulations of the liquor control commission claimed to have been enacted for the benefit and protection of persons in the general circumstances of this plaintiff's decedent. Although it is not stated with the precision desirable in pleadings, it appears that the plaintiff is claiming that the violations of these statutes and regulations constituted negligence per se.

The crucial allegations of the complaint are that these violations were the proximate cause of the decedent's intoxication. It is, however, the general common-law rule that the proximate cause of intoxication is the voluntary consumption, rather than the furnishing, of intoxicating liquor. *Nolan* v. *Morelli,* 154 Conn. 432, 436, 226 A.2d 383. Thus, the furnishing of intoxicating liquor was not the proximate cause of intoxication or of any damage proximately resulting from such intoxication, whether sustained by the intoxicated person himself or by another. The common-law rule as to proximate cause, of course, applies in any common-law action of negligence, even though that action includes, as specifications of negligence, one or more alleged violations of applicable statutes. This would include, of course, General Statutes § 30-86, which prohibits the furnishing of intoxicating liquor to minors, whether gratuitously or by sale.

The complaint alleges that the decedent consumed the liquor furnished, or permitted to be furnished, by the defendants. The voluntariness of that consumption, while not expressly alleged, is in nowise negated, as it must be to avoid the common-law rule.

There remains for consideration the question whether the portion of § 30-86 which prohibits, with certain exceptions not applicable to the present case, the furnishing of intoxicating liquor to minors,

whether gratuitously or by sale, amounts to a legislative declaration that minors are legally incapable of consenting to the consumption of liquor and thus precludes their action in drinking the liquor from being voluntary within the meaning of the common-law rule.

Although a minor is subject to a legal disability in the management of his property and in his contractual obligations, he nevertheless is permitted to make a will at the age of eighteen (General Statutes § 45-160), and he may be licensed to operate a motor vehicle after he becomes sixteen. General Statutes § 14-36. A minor may be held criminally responsible for his violations of law at age sixteen. General Statutes §§ 17-53, 17-65, 17-72. Under General Statutes § 52-217, in actions for recovery of damages for injury to person or property, a minor under sixteen is entitled to have the trier of fact determine whether his violation of a statutory duty was negligence, while one sixteen years of age or older is subject to the general rule that the violation of an applicable statute is negligence per se. *Santor* v. *Balnis,* 151 Conn. 434, 436, 199 A.2d 2; *Bevins* v. *Brewer,* 146 Conn. 10, 15, 147 A.2d 189. Thus, a minor aged sixteen or over is presumed to have the capacity to decide whether or not to violate the law. As a sixteen-year-old minor may be held accountable for violating § 14-227a by operating a motor vehicle while he is intoxicated, he may certainly be held accountable for deciding to consume intoxicating liquor in the first place. Furthermore, § 30-89 provides a criminal penalty for any minor who purchases or attempts to purchase intoxicating liquor. Thus, at least in the case of a minor aged sixteen or over, he may be presumed, if he consumes liquor, to have done so voluntarily.

Since here the decedent's consumption of intoxicating liquor was voluntary, his consumption, rather than any violation, by any of the defendants, of § 30-86 or of other statutes or liquor control commission regulations, was, under the common-law rule, the proximate cause of his intoxication and of the injuries and death claimed to have resulted therefrom. Of course, negligence, whether common-law or statutory, must be proved to have been a proximate cause of the injuries complained of if it is to constitute actionable negligence. *Nolan* v. *Morelli,* 154 Conn. 432, 443, 226 A.2d 383.

It is true that the complaint specifically alleges that the giving of liquor to the decedent was a proximate cause of his intoxication, injuries and death. But allegations of legal conclusions are not admitted by demurrer. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557, 227 A.2d 418; *McAdam* v. *Sheldon,* 153 Conn. 278, 282, 216 A.2d 193; *Barnes* v. *Viering,* 152 Conn. 243, 244, 206 A.2d 112. Consequently, the allegations of proximate cause are ineffective to negate the common-law rule that the voluntary consumption, rather than the furnishing, of the liquor was the proximate cause of the intoxication and the resulting injuries and death.

Finally, we consider briefly certain other allegations of duty appearing in the complaint. As to Zalenski, Smith, and Morey, the complaint alleges that, having allowed the decedent to become intoxicated, they neglected and failed to exercise any degree of care or control to prevent his injury and death at a time when they were under a duty so to do. But the allegation of the existence of such a duty is merely a legal conclusion. Neither any specific duty nor any facts giving rise to any duty

are alleged. The demurrers, therefore, did not admit the existence of any such duty. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* supra; *McAdam* v. *Sheldon,* supra; see *Nolan* v. *Morelli,* supra.

As to Bunk and Society, the complaint, construed favorably to the plaintiff, alleges a duty to prevent others on the permit premises from giving or delivering intoxicating liquor to the decedent as a minor. But if such a duty exists, as to the minor decedent in the present case, under the common-law rule any violation of that duty was not a proximate cause of intoxication resulting from the decedent's voluntary consumption of that liquor or of any injuries resulting from such intoxication.

There is no error.

In this opinion the other judges concurred.