[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Defendants jointly move to strike all counts of plaintiffs' complaint dated September 25, 1990.
The plaintiffs' complaint alleges that on the evening of July 15 and early morning of July 16, 1983, the plaintiff, then seventeen years of age, consumed alcohol at the defendant's tavern and then fell from a bridge. The plaintiff suffers from injuries which have left him in a quadriplegic state.
The plaintiffs' claim is for the injuries he incurred because of the defendant's negligence in serving the plaintiff, a minor, alcohol, serving alcohol to him while he was intoxicated and failing to check his identification prior to serving him alcohol. At the date of the incident, it was a violation of law to serve alcohol to anyone under the age of nineteen.
The same factual allegations are relied on by the plaintiff to support claims of reckless and wanton conduct by the defendants.
The defendants' claim that the negligence counts are defective because they fail to allege that the consumption of alcohol was involuntary. CT Page 3852
A line of Connecticut authority held that a negligence claim at common law looking to the provider or server of alcohol for injuries caused to the immediate consumer, must fail as a matter of law. The rationale being the intervening act of the consumer of alcohol whose voluntary and imprudent consumption caused the injury; rules out the serving of alcohol as the proximate cause of the injury. Baehm [Boehm] v. Kish, 201 Conn. 385, 389, 517 A.2d 624
(1986); Kowal v. Hofher, 181 Conn. 355, 357-58, 436 A.2d 1 (1980); Shier v. Quigley, 180 Conn. 252, 255-56, 429 A.2d 855 (1980); Nelson v. Steffers, 170 Conn. 356, 358-59, 365 A.2d 1174 (1976); Noon v. Bank, 154 Conn. 644, 647, 228 A.2d 510 (1967); and Nolan v. Morelli, 154 Conn. 432, 436, 226 A.2d 383 (1967).
 "At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fail that one could not become intoxicated by reason of liquor furnished him if he did not drink it." Nolan v. Morelli, supra, 436-36, 45 Am.Jur.2d Intoxicating Liquors Sections 553-55, 48 C.J.S., Intoxicating Liquors Section 430; 75 ALR.2d 833.
In Moore v. Bank, supra this rule applied to a 16 year old minor, who had been illegally supplied liquor. In that decision, then Chief Justice King held that a minor aged sixteen or over is presumed to have the capacity to decide whether to violate the law, by consuming alcohol. Thus, he may be presumed, if he consumes alcohol, to have done so voluntarily. Moore v. Bank,154 Conn. at 648 (1967). As a result of that decision, the estate of a 16 year old who allegedly became intoxicated after being served alcohol illegally by the defendants, and while intoxicated was involved in a fatal car crash; had no common law claim of negligence.
The progress of the law has changed that rule. In Ely v. Murphy, 207 Conn. 89, 95 (1988) our Supreme Court held:
 "In view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol CT Page 3853 and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not., as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law insulate one who provides alcohol to minors from liability for ensuing injury."
In this case, the defendants argue that the holding of Ely v. Murphy is that the voluntary nature of the minor's consumption of alcohol is a factual question; and the plaintiff must then plead involuntary consumption.
The defendants rely on dicto in Ely v. Murphy at 207 Conn. 97. "This is not to say, however, that the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third party injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect."
The above quoted language states no more than the common law burden of any claimant in negligence to establish the causation or nexus between the act and injury. Here, the plaintiff would have to establish that the effects of alcohol caused the fall which resulted in the injuries.
In that, as a matter of law, consumption of alcohol by a minor does not constitute the intervening act necessary to break the chain of proximate causation, the plaintiff need not allege involuntary consumption.
Defendants argue that the plaintiffs' allegations are insufficient to establish reckless or wanton conduct by defendants.
Our Supreme law has recognized that the policy considerations which might justly protect a vendor from common law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another do not apply when the conduct constitutes wanton and reckless misconduct, Kowal v. Hofher, 181 Conn. 355, 360 (1980).
The allegation of service of alcohol to a person already intoxicated from the use of alcohol, was the allegation in Kowal v. Hofher, supra at 181 Conn. 356. It is essentially the same allegation here. Also, this case has the element of the minority of the allegedly intoxicated person served alcohol, which would enhance the reckless and wanton nature of the conduct. CT Page 3854
The motion to strike, for the above reasons, is denied as to all counts.
McWEENY, J.