[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant has moved to strike the first, third and fourth counts of plaintiff's amended complaint of May 22, 1991.
A motion to strike challenges the legal sufficiency of the allegations of a complaint or any one or more counts thereof, to state a claim upon which relief can be granted Ferryman v. Groton, 212 Conn. 138, 143 (1989). A motion to strike admits all facts well pleaded, Mingachos v. CBS Inc.,195 Conn. 91, 108 (1985), which are then construed in the light most favorable to the pleader. Blancato v. Feldspar,203 Conn. 34, 36 (1987).
The facts are thus found, for the purpose of this motion, in Plaintiff's amended complaint of May 22, 1991. Plaintiff was a passenger in a motor vehicle being operated by James Grospitch on March 18, 1989. The vehicle left the highway crashing into trees and resulting in serious injuries to the Plaintiff. Mr. Grospitch at the time of the collision was intoxicated as a result of his consumption of intoxicating liquor at licensed premises (The Teddy Bear Lounge) owned by the defendant Amron, Inc., and for which the defendant Michael Haddad was permittee.
Counts one and four of the Amended Complaint set forth claims of negligence against the defendants owner and permittee. The second and fifth counts, not subject of this motion, assert claims of reckless or wanton negligence by the defendants. The fourth count alleges negligence by the defendants in failing to supervise the premises. CT Page 7058
A line of Connecticut Authority hold that a negligence claim at common law looking to the provider or server of alcohol for injuries caused to the immediate consumer, must fail as a matter of law, the rationale being the intervening act of the consumer of alcohol whose voluntary and imprudent consumption of alcohol is the proximate cause of the injury, Shier v. Quigley, 180 Conn. 252, 255-56 (1980); Nelson v. Steffers, 170 Conn. 356, 358-59 (1976); Moore v. Burk,154 Conn. 644, 647 (1967) and Nolan v. Morelli,154 Conn. at 436-437.
 "At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily becomes intoxicated and in consequence of his intoxication injured the person or property of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it. 30 Am. Jur., Intoxicating Liquors, Section 520, 521; 48 C.J.S. 716, Intoxicating Liquors, Section 430; see note, 54 A.L.R.2d 1152. Nolan v. Morelli, 154 Conn. at 436-437.
This rule was revisited by our Supreme Court in Ely v. Murphy, 207 Conn. 89 (1988) in which the Court held, overruling Moore v. Bank supra:
 "In view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol, does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not as a matter of law insulate one who provides alcohol to minors from liability for ensuing injury — Moore v. Bunk, 207 Conn. at 95.
The Ely v. Murphy decision reaffirmed the existing authority; with an exception as to minors, who legally could not voluntarily consume alcohol. This is clearly the result as indicated in Quinnett v. Newman, 213 Conn. 343, 349, (1990). CT Page 7059
The Plaintiff asks this Court to follow the dissenting opinion in Quinnett, but that is clearly an inappropriate action in view of the principles of stare decisis and the subordinate role of the Superior Court.
The Plaintiff's willful and wanton negligence claims are allowed by Kowal v. Hofher, 181 Conn. 355, 357-58 (1980); which recognized a different standard of causation and responsibility for reckless or wanton conduct.
The Plaintiff's do not allege the minority of Grospitch, the consumer of the alcohol, or any other claim that his consumption was involuntary. The Defendants without contest by the plaintiff have established that Mr. Grospitch was of legal drinking age at the date in issue. There is no common law negligence claim allowable in Connecticut, against the purveyor of alcohol to one who voluntarily consumes the alcohol and causes injury.
The motion to strike counts one and four is granted. The motion to strike count three is denied as the Amended Complaint may relate back to the filing date of the original complaint, Jonap v. Silveri, 1 Conn. App. 550, 555 (1984).
Counts one and four are ordered stricken.
BY THE COURT, HON. ROBERT F. McWEENY SUPERIOR COURT JUDGE