[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON PLAINTIFF'SMOTION FOR SUMMARY JUDGMENT]
FACTS
On January 6, 1992, the plaintiff William Stone filed this one count complaint against the defendant, Louis Inzero, alleging that the defendant, while operating his motor vehicle, suddenly and without warning collided with the plaintiff, who was traveling in the opposite lane of the roadway. The plaintiff alleges that the defendant negligently made an improper turn, failed to yield the right of way, or failed to use reasonable care in the operation of his vehicle.
On July 16, 1992, the defendant filed a revised answer denying the essential allegations of the plaintiff's complaint, and revised special defenses alleging comparative negligence and requesting apportionment. On November 27, 1992, the plaintiff filed a reply denying the essential allegations of the defendant's special defenses.
On March 11, 1994, the plaintiff moved for summary judgment on his complaint. Submitted with the motion for summary judgment was a memorandum of law and the plaintiff's affidavit, which avers that
 [o]n January 10, 1990, at approximately 7:47 a.m., I was operating my vehicle in a southerly direction on Whitney Avenue, when suddenly, without any warning, the defendant CT Page 4571 operator, who was traveling north on said Whitney Avenue, attempted to make an improper left turn, thereby causing a collision . . .
 The accident was caused by the inattentiveness and carelessness of the defendant operator in that he made an improper left turn, when it was not reasonably safe to do so; and he failed to keep a proper lookout of other vehicles lawfully upon said highway.
The defendant has filed a memorandum in opposition to summary judgment, but has not filed any opposing documentary evidence.
DISCUSSION
 Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) [Connell v.Colwell], 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict may be rendered only "where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict directed." [Sheridan v. Board of Education], 20 Conn. App. 231,239, 565 A.2d 882 (1989). CT Page 4572
The defendant argues in opposition to summary judgment that the plaintiff's affidavit does not sustain the plaintiff's burden of proof for summary judgment, that summary judgment is disfavored in negligence actions, and that the plaintiff has not set forth facts rebutting the defendant's special defenses. The plaintiff counters that the motion for summary judgment should be granted because the defendant has failed to submit any evidence in opposition to the plaintiff's motion for summary judgment.
In order to recover in an automobile negligence case, the plaintiff must prove by a preponderance of the evidence that the defendant was negligent and the negligence was the proximate case of the plaintiff's injuries. [Moore v. Bunk], 154 Conn. 644, 649,228 A.2d 510 (1967); [Moretti v. Bonell], 1 Conn. L. Rptr. 415, 416 (March 28, 1990, Fuller, J.). "In negligence cases the ultimate issue in contention generally involves a mixed question of fact and law, which requires the trier of fact to determine whether the standard of care was met in a specific situation." [Moretti v.Bonell], supra, 416.
As to the first ground, the defendant argues that the plaintiff's affidavit is merely conclusory and fails to sustain his burden of showing that there is no genuine issue of fact. "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." [Evans Products Co. v. ClintonBuilding Supply, Inc.,] 174 Conn. 512, 516, 391 A.2d 157 (1978). The non-movant "is given the benefit of all favorable inferences that could be drawn." [Id.]
The plaintiff's affidavit, when held to the appropriate standard for summary judgment, does not sustain his burden of proof. The plaintiff's affidavit merely states that the defendant "suddenly, and without warning . . . attempted to make an improper left turn." The plaintiff's characterization of the turn as "improper" is not supported by any factual allegation regarding the circumstances of the accident, and is merely a legal conclusion. Also, the allegation that the defendant "attempted" to make an improper left turn, when viewed in a light most favorable to the non-movant, and when drawing all inferences in favor of the non-movant, is ambiguous and does not clearly support the conclusion that the defendant actually caused the accident. Finally, the plaintiff's affidavit merely states the conclusions that the defendant was inattentive and careless, and that the defendant made the turn when it was not reasonably safe to do so, but does not cite facts to support these conclusions. These allegations do not CT Page 4573 contain the necessary factual evidence regarding the circumstances of the accident, but are merely the plaintiff's characterization of the defendant's behavior.
Generally, it has been held that "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.' [Spencer v. Good EarthRestaurant Corp.], 164 Conn. 194, 199, 319 A.2d 403 (1972)." [Fogarty v. Rashaw], 193 Conn. 442, 446, 476 A.2d 582 (1984). Due to the ambiguities in the plaintiff's affidavit and the longstanding rule that issues of negligence are ordinarily not susceptible of summary adjudication, the plaintiff's motion for summary judgment must be denied.
[CONCLUSION]
Based on the foregoing, the plaintiff's Motion For Summary Judgment (#166) is denied.
So ordered.
Michael Hartmere, Judge