[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#108)
On June 25, 1997, the plaintiff, Lisa Aviles, filed a five count revised complaint against the defendants: Peter Fox; Evelyn Santiago; Juan Santiago; Ana Santiago; and Adam Santiago. The complaint sounds in assault (count one), battery (count two), negligent service of alcohol (count three), violation of General Statutes § 30-102 (the Dram Shop Act) (count four), and willful and wanton misconduct (count five).
On July 3, 1997, the defendants, Juan, Adam and Ana Santiago, filed a motion to strike counts three, four and five on the ground that "[t]he facts, as pleaded in the revised complaint, do not constitute any legally cognizable claim for relief against the . . . defendants." On July 28, 1997, the plaintiff filed a memorandum in opposition to the motion to strike.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
COUNT THREE
The plaintiff alleges in count three of the complaint that "[a]s a result of the . . . negligence of the [d]efendants . . . (i.e. causing excessive amounts of alcohol to be served to guests, failing to control the actions of guests within their house and control, failing to remove guests who clearly were becoming intoxicated, belligerent, and hostile so as to prevent harm to others property . . . and continuing to serve alcohol to those known to be intoxicated . . .), the [p]laintiff was viciously assaulted and battered, causing severe and permanent injury. . . ."
It is well established that "there is no common-law action in negligence against one who furnished, whether by sale or gift, CT Page 11884 intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." Kowal v.Hofher, 181 Conn. 355, 357, 436 A.2d 1 (1980). "The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." Id., 357-58.[1]
In the present case, the plaintiff alleges in count three that the defendants are negligent for the injuries to the plaintiff because they furnished alcohol to the individual who allegedly inflicted injuries on the plaintiff. In Connecticut, the defendants' actions, as alleged in the complaint, are legally insufficient to establish a cause of action sounding in negligence. The defendants' motion to strike count three of the complaint is granted.
COUNT FOUR
The plaintiff alleges in count four of the complaint that "the actions of the . . . [d]efendants constitute a violation of [General Statutes] § 30-102."
General Statutes § 30-102 states: "If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section . . . . No action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of."
"To establish a violation of General Statutes § 30-102, three elements must be proven. In each case . . . the trier must decide as a question of fact: whether there was (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, causes injury to the person or property of another." (Internal quotation marks omitted.) Coblev. Maloney, 34 Conn. App. 655, 662, 643 A.2d 277 (1994).
The issue presented here is whether the first element required to establish a Dram Shop Act claim has been properly CT Page 11885 pleaded if there is no allegation that a sale took place, but instead there is an allegation that a homeowner provided alcohol to a person who later injures another.
The plaintiff argues in her memorandum of law that "[t]here is no need for any assertions that money changed hands." The only authority that the plaintiff provides for this proposition, however, is Pierce v. Albanese, 144 Conn. 241, 129 A.2d 606
(1957). The plaintiff does not pinpoint where the Pierce court holds that "[t]here is no need for any assertions that money changed hands." The only dicta that the court can find regarding this topic states as follows: "[V]iewing the statute as essentially remedial and consequently giving it a liberal construction, we can assume that the legislature, by its use of the word `sell' in [the Dram Shop Act] . . . meant `purvey' or `furnish' rather than a sale in the strict sense of the term. Any other construction would have rendered the statute nugatory as applied to taverns and restaurants, because prior to the passage in 1951 of 2859d of the 1955 Cumulative Supplement the dispensing of food or drink in a restaurant for consumption on the premises was a service, not a sale. . . . The purveying or furnishing of intoxicants to be consumed on the premises would not have constituted a sale in the technical sense. We conclude that the purveying or furnishing of intoxicants for a price to a person . . . would be a sale to that person, or to each member of the group, within the terms of [the Dram Shop Act]." (Citation omitted.) Pierce v. Albanese, supra, 144 Conn. 258-59.
Pierce v. Albanese is not, by any stretch of the imagination, authority for the proposition that the Dram Shop Act is applicable where a homeowner provides alcohol, at no charge, to an invitee.
"The legislature enacted [General Statutes §] 30-102, the Dram Shop Act, in 1933, thereby creating a cause of action against liquor sellers for victims injured by intoxicated persons to whom the liquor sellers have served alcohol." (Emphasis added.) Kelly v. Figueiredo, 223 Conn. 31, 38,610 A.2d 1296 (1992).
In the present case, the plaintiff does not allege that the defendants were "liquor sellers." Therefore, the plaintiff has not alleged facts that are legally sufficient to establish a cause of action under the Dram Shop Act, General Statutes §30-102. The defendants' motion to strike count four of the CT Page 11886 complaint is granted.
COUNT FIVE
The plaintiff alleges in count five of the complaint that the "actions of the [d]efendants . . . constitute willful and wanton misconduct resulting in the vicious assault and battery on the [p]laintiff."
"[W]ilful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention . . . ." (Internal quotation marks omitted.) Coblev. Maloney, supra, 34 Conn. App. 670 (1994). For a discussion of how various trial courts have addressed this issue, see Valle v.Andrews, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552111 (Mar. 9, 1996, Hennessey, J.).
The plaintiff alleges that the defendants continued to serve alcohol to persons they knew, or should have known, to be intoxicated and to have a propensity of violence. These facts could be adjudged by a fact finder, in the context of this case, to rise to the level of "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Therefore, the plaintiff alleges facts in count five that are legally sufficient to maintain a cause of action for wilful or wanton misconduct. The defendant's motion to strike count five of the complaint is denied.
KARAZIN, J.