[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (# 107)
The plaintiffs, Andrew M. Stewart, III and Rita Santacroce, as co-administrators of the Estate of Joshua L. Stewart, bring this wrongful death action against the defendants, Joseph Caisse d/b/a Joseph Caisse Sons Automotive ("Caisse Sons"), Joseph Caisse, Jr., and Robert L. Waugh.
The plaintiffs allege that over the course of a year, Waugh had established a business relationship with Caisse Sons and in particular with Joseph Caisse, Jr., as a result of his visits to check on the status of his automobile.
The plaintiffs further allege that on December 16, 1995, CT Page 9174 Waugh arrived at Caisse Sons and gave Caisse, Jr. a bottle of alcohol in appreciation for the work being performed on his vehicle. Upon receipt of the bottle of alcohol, Caisse, Jr. proceeded to pour the alcohol into two cups, whereupon Waugh informed Caisse, Jr. that he would be unable to accept the drink because he was a recovering alcoholic. Nevertheless, after continued urging by Caisse, Jr., Waugh accepted the drink and continued to consume alcohol until he left the premises approximately three hours later. After leaving the premises, Waugh operated his vehicle in such a way as to cause it to impact upon the bicycle which Joshua Stewart was riding.
On December 15, 1997, the plaintiffs filed a three count complaint alleging negligence (count one), recklessness (count two) and public nuisance (count three) on the part of the defendants.
On February 4, 1999, the defendants filed a motion to strike and a memorandum of law in support. On April 1, 1999, the plaintiffs filed a motion in opposition and a supporting memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
I. Recklessness
Our Supreme Court, in Kowal v. Hofher, 181 Conn. 355,436 A.2d 1 (1980), recognized a cause of action in wanton and reckless misconduct against the purveyor of alcohol, stating that "[w]anton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless discharge of the just rights or safety of others or of the consequences of action." Kowal v. Hofher, supra, 181 Conn. 362.
"[W]illful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct involving an extreme CT Page 9175 departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Dubayv. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988). Furthermore, "[t]he state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness." Id., 532.
"[I]n order to sustain a cause of action alleging willful, wanton and reckless misconduct in the service of alcohol, the plaintiff must plead facts, and not mere conclusion, which indicate that the defendants knowingly served an intoxicated patron. . . . [The plaintiff must] plead facts to demonstrate how the defendant would have known that the individual was intoxicated, as opposed to simply pleading the conclusion. . . . An allegation that the server knew that the individual was intoxicated, without more is insufficient. . . . [T]he plaintiff must allege facts which would indicate that the defendants, or their agents, continued to serve a . . . [person] despite `observable manifestations of intoxication.'" (Internal quotation marks omitted.) Marinaccio v. Zaczynski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565991 (May 14, 1998, Hennessey, J.). See also Gumkowski v. U.S.S.Chowder Pot, III, Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 20, 1995, Hartmere,J.).
Here, the plaintiff alleges that the accident was caused by "the recklessness and wantonness of the defendants . . . in encouraging Robert L. Waugh to consume drinks of an alcoholic nature knowing he was a recovering alcoholic, and in so doing substantially reducing or impairing his judgment, with full knowledge of the likelihood of his causing serious danger of violence or harm to others using the public highways."
Absent from the complaint are allegations that Caisse, Jr. "served" alcohol to Waugh or that Waugh exhibited a "visible" manifestation of intoxication at the time in question. Rather, the plaintiffs allege that Caisse, Jr. "encouraged" Waugh to drink and that by virtue of Waugh's consumption of alcohol, there was a "likelihood" that Waugh would cause serious harm to others on the highway.
These allegations fail to provide facts from which the court can infer a manifestation of intoxication on the part of Waugh or CT Page 9176 "willful, wanton and reckless misconduct in the service of alcohol." (Emphasis added.) Marinaccio v. Zaczynski, supra, Superior Court, Docket No. 565991. Accordingly, the allegations in the complaint are insufficient to support a cause of action for reckless misconduct. Therefore, the motion to strike count one is granted.
II. Negligence
In count two of their complaint, the plaintiffs allege that the accident was caused by "the negligence of the defendants, Caisse Sons and/or Joseph Caisse, Jr. . . . in encouraging Robert L. Waugh to consume drinks of an alcoholic nature, knowing he was a recovering alcoholic. . . ."
The plaintiffs cite to no authority which supports the imposition of a negligence action against a person who "encourages" another to drink. However, the situation may be analogized to those instances where an individual "furnishes" alcohol to a person who voluntarily becomes intoxicated and subsequently becomes involved in an accident.
Under these circumstances, the Connecticut Supreme court has held in a number of cases that "there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. Nelson v.Steffens, 170 Conn. 356, 361, 365 A.2d 1174 (1976); Moore v.Bunk, 154 Conn. 644, 649, 228 A.2d 510 (1967); Nolan v. Morelli,154 Conn. 432, 436, 226 A.2d 383 (1967) . . . The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." Kowal v. Hofher, supra, 181 Conn. 357-58. See also Aviles v. Fox, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158427 (November 20, 1997, Karazin, J.) (20 Conn. L. Rptr. 694);Autore v. Kimberly Inn, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 331085 (December 3, 1998,Nadeau, J.).
Similarly, the proximate cause of the intoxication by Waugh was not the "encouragement" to drink by Caisse, Jr., but the "voluntary consumption" of the alcohol by Waugh. Although the plaintiffs allege that Waugh was a "recovering alcoholic" at the CT Page 9177 time in question, the plaintiffs do not allege that the consumption of alcohol by Waugh was involuntary. In fact, it is undisputed that Waugh had been able to remain "dry for over nine (9) years" prior to the day of the accident and the alcohol that was consumed was made available by Waugh himself.
Accordingly, the motion to strike count two is granted.
III. Public Nuisance
The plaintiffs also allege that "the defendant[s] created a public nuisance in that it caused a motor vehicle to be operated on highways and roads open for public use by a person who had been rendered unfit to do so by its actions."
In Quinnett v. Newman, 213 Conn. 343, 568 A.2d 786 (1990), the Connecticut Supreme Court stated that "[i]n order to establish a cause of action in nuisance, the plaintiff must prove that the inherently dangerous condition is a continuing one and was the proximate cause of the plaintiff's injuries and damages."Quinnett v. Newman, supra, 213 Conn. 349. The court continued, concluding that "[t]he proximate cause of the adult motorist's intoxicated condition . . . lies in his own immoderate use of the alcohol and not in its service to him by the defendant sellers. . . . Since the alleged act of the purveyor's cannot be the proximate cause of the injuries and damages that thereafter followed, the nuisance claim is fatally flawed." (Citation omitted.) Id. See also Fortuna v. Connecticut Light Power Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 072106 (February 15, 1996, Stanley, J.) (Connecticut does not recognize a public nuisance action against a supplier of alcohol to an adult operater of a motor vehicle who subsequently injures another).
As previously noted, the proximate cause of the accident was the voluntary consumption of alcohol by Waugh. Hence, the motion to strike count three is granted.
Martin, J.